

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| BRANDY CLINTON and HELEN KAPLAN, INDIVIDUALLY AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED<br><br>PLAINTIFF,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY A/K/A GEICO,<br><br>DEFENDANT. | Civil Action No. 2:16 cv 430<br><br>COLLECTIVE ACTION COMPLAINT 29 U.S.C. § 216(B)<br><br>(JURY TRIAL DEMANDED)<br><br>**COLLECTIVE ACTION COMPLAINT** |

COME NOW Plaintiffs Brandy Clinton, et al., (collectively "Plaintiffs"), by counsel, and make the following allegations on behalf of themselves and all others similarly situated:

### PRELIMINARY STATEMENT

1.     Plaintiffs are current and former Telephone Claims Representatives 1 and 2 (collectively, "TCRs") employees of Government Employees Insurance Company ("GEICO" or "Defendant"). This proceeding seeks unpaid overtime for Plaintiffs and all others similarly situated.

2.     This is a Collective Action claim in which Plaintiffs seek declaratory relief, and to recover unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA" or "the Act") for themselves and others similarly situated.

## PARTIES

3.     Defendant is a major national insurance company and, as stated on its website, the second largest private passenger auto insurance company in the United States, providing insurance coverage to over 22 million vehicles.   It employs more than 30,000 employees nationwide, including thousands of TCRs in about 14 physical locations.

4.     Upon information and belief, GEICO is a corporation organized and existing under the laws of the State of Maryland and purports to have its corporate headquarters at 5260 Western Avenue, Chevy Chase, MD 20815.

5.     Defendant maintains operations in Virginia Beach, VA, at 1345 Perimeter Parkway (the "Perimeter Parkway location"), where, upon information and belief, over 500 TCR employees have been employed within the past three years.   In total, upon information and belief, the Perimeter Parkway location employs more than 2,300 GEICO employees.

6.     Defendant is an employer within the meaning of 29 U.S.C. § 207(a)(1). Defendant was Plaintiffs' employer within the meaning of 29 U.S.C. § 203(d) at all relevant times.

7.     Plaintiffs are, or were, residents of Virginia and are, or were, TCRs employed by Defendant.   At all relevant times, Plaintiffs were TCRs employed at GEICO's Virginia Beach, VA location who are, or have been, employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) within the last three years.

8.      Plaintiff Brandy Clinton was employed at GEICO at its Perimeter Parkway location from February 2011 through the March 2016. She began as a TCR 1 in March 2013 and became a TCR 2 in 2014. Plaintiff Helen Kaplan Martin was employed by GEICO at its Perimeter Parkway facility as a TCR 1 from April of 2013 until June of 2016.

9.      Plaintiffs bring this action on behalf of themselves and other similarly situated current and former employees of Defendant who were, or are, employed by Defendant as TCRs at Defendant's Perimeter Parkway location and who were subject to the same uniform pay practices and policies.

JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 2201, and 2202.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

12.     Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

REPRESENTATIVE ACTION ALLEGATIONS FOR FLSA CLAIMS

13.     Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs each consent to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by the filing of their "Consent to Become Party to Collective Action Under 29 U.S.C. § 216."

14.     Defendant employs, and has employed, people in the same job functions and/or positions as Plaintiffs; i.e., TCRs at Defendant's Perimeter Parkway location.

15.    These employees perform, and have performed, tasks and duties which entitle them to receive payment of overtime compensation wages, yet Defendant has willfully refused to pay them such overtime wages.

16.    Defendant compensated, and continues to compensate, Plaintiffs and those similarly situated, under uniform compensation models common to all TCRs employed at the Virginia Beach location.

17.    The FLSA collective of similarly situated employees is comprised of all present and former TCRs employed at Defendant's Perimeter Parkway location within three years of filing of this action who were misclassified as exempt employees as a result of Defendant's willful disregard of the FLSA.

## GENERAL FACTUAL AND LEGAL ALLEGATIONS

18.    At all relevant times, Defendant classified TCRs as exempt from the FLSA.

19.    A TCR 1's primary job duties are non-managerial and do not involve the use of any independent discretion or judgment. They obtain statements from claimants and/or drivers, and other relevant information, and input this information into pre-populated fields of Defendant's "Claim IQ" computer system, using a laundry list of predetermined questions. Claim IQ is a sophisticated, predictive claims processing program that Defendant requires TCRs to use to process all aspects of a claim.

20.    TCR 1s do not engage in settlement discussion.  Rather, TCR 1s are only involved in the payment (or nonpayment) of Med Pay and PIP (Personal Injury Protection) coverage, which is determined by the Claim IQ program.

21.    TCR 1s also input data into Defendant's computerized Atlas program, which generates bill payments under the insurance policy at issue.

22.    A TCR 2's primary job duties are non-managerial and they do not involve the exercise of any independent judgment or discretion. These include the same primary job duties as TCR 1s, plus they may also handle claims involving third party bodily injury and convey settlement offers generated by Claim IQ. Plaintiffs, however, must obtain approval from their supervisor before extending any Claim IQ generated offer.

23.    TCRs do not have any discretion to determine liability coverage.

24.    TCRs' primary duty is not directly related to the management or general business operations of Defendant or its customers.

25.    TCRs' work is performed for the benefit of the Defendant, in the normal course of the Defendant's business, and is integrated into Defendant's business.

26.    The work performed by TCRs requires little skill and no capital investment. Rather, they involve many insignificant duties and duties identical to other non-exempt positions, such as Customer Service Representatives.

27.    TCRs are paid on a salary basis and receive no compensation for hours worked over 40 in a workweek.

28.    Due to the sheer volume of claims, Plaintiffs and all other similarly situated TCRs were expected to, and do in fact, consistently work well over 40 hours each workweek.  Nevertheless, Defendant willfully fails to pay Plaintiffs, and all other similarly situated TCRs, overtime compensation as required by the FLSA.

29.     Defendant uniformly classified all TCRs as exempt from overtime.

30.     Upon information and belief, throughout all relevant time periods while Defendant employed Plaintiffs at its Perimeter Parkway location, Defendant failed to maintain accurate time records.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

31.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 as if set forth fully again herein.

32.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs within the meaning of the FLSA.

34.     At all relevant times, Defendant has had gross revenues in excess of $500,000.

35.     At all relevant times, Defendant has classified Plaintiffs as exempt from the FLSA and has not paid overtime compensation to TCRs, such as Plaintiffs, for hours worked in excess of 40 hours per workweek.

36.     As a result of Defendant's willful failure to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continues to violate, the FLSA.

37.     As a result of Defendant's failure to record, report, credit, and compensate Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its TCRs at its Virginia Beach location, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

38.     Defendant has not performed an individualized analysis to determine whether the Plaintiffs' and all other, similarly situated TCR's, exempt classification is proper under the FLSA.

39.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

40.     Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant their unpaid wages for overtime compensation, an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and for its unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF
### (PLAINTIFFS' FLSA CLAIMS)

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

B.     Approve notice of this collective action to those employees and former employees similarly situated to Plaintiffs, namely all TCRs at Defendant's Virginia Beach location, and other employees performing the same or similar duties of TCRs

who were employed by Defendant at its Virginia Beach location, during the three years immediately preceding the filing of this action, of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b);

      C.      Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

      D.      Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against Defendant;

      E.      Enter judgment that Defendant's violations of the FLSA were willful;

      F.      Enter judgment awarding Plaintiffs and all similarly situated present and former employees an amount equal to their overtime damages as liquidated damages;

      G.      Enter judgment for post-judgment interest at the applicable legal rate;

      H.      Enter judgment awarding Plaintiffs, and those similarly situated, reasonable attorney's fees and costs of this suit;

      I.      Grant such other and further relief as this Court deems necessary and proper.

      JURY TRIAL DEMANDED.

Respectfully submitted,

Dated:

By _____
              Counsel

Reid H. Ervin (VSB 01197)
rhervin@reidervin.com
Joshua L. Jewett (VSB 76884)
jjewett@reidervin.com
Brittany M. Wrigley (VSB 89696)
bwrigley@reidervin.com
REID H. ERVIN & ASSOCIATES, P.C.
2400 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
T: (757) 624-9323
F: (757) 624-8414

Harris D. Butler (VSB 26483)
harris.butler@butlerroyals.com
Zev H. Antell (VSB 74643)
zev.antell@butlerroyals.com
BUTLER ROYALS, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
T: (804) 648-4848
F: (804) 237-0413