IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| BRANDY CLINTON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-430 AWA-LRL |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S RULE 72 OBJECTIONS**

Magistrate Judge Leonard's thorough and well-reasoned Report and Recommendation (ECF No. 53) speaks for itself as to why it should be adopted. To spare the Court repetition of facts and authorities discussed in the Report, this response to Plaintiffs' Objections (ECF No. 54) is limited to a few points.

The certification of collective actions is discretionary. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1980)("district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b)…by facilitating notice to potential plaintiffs"). Accordingly, the Court is not constrained by rigid rules about what can be considered at step one, but can apply its experience and common sense. *Garner v. Jones*, 529 U.S. 244, 254 (2000)("The idea of discretion is that it has the capacity, and the obligation, to change and adapt based on experience.").

In *Harper*, the court found that variations among the TCRs precluded a collective adjudication of their misclassification claims. *Harper v. Government Employees Ins. Co.,* No. 2:09-cv-2254, ECF No. 191 (E.D.N.Y. Nov 16, 2015)(M.J.)(filed in this case as ECF No. 45-1).

1

*Harper* naturally raises the common sense question, "is there any reason to believe that a collective action would fare better in this case than it did before?" Contrary to Plaintiffs' argument, this is not a "novel and unfair rule of preclusion." ECF No. 54 at 10. It is simply an obvious and reasonable effort to benefit from another court's experience before deciding whether to allow another costly and burdensome collective action against the same Defendant.

In response to that question, Plaintiffs argue that this case *might* be different from *Harper*, because it is limited to the Virginia Beach office. However, they offer no specific reason to believe that is true. Contrary to Plaintiffs' argument that the Report impermissibly resolves disputed facts, the Report finds that "Plaintiffs have offered no facts distinguishing the Eastern District of New York's findings [and] have offered no evidence as to how the Virginia Beach operation differs in any way from the operations elsewhere." ECF No. 53 at 14. Instead, Plaintiffs simply speculate that "maybe" the evidence in this case will be different from *Harper*. ECF No. 54 at 10. As they candidly continue, "Maybe not; we cannot tell." *Id.*

"Maybe" is not enough to satisfy Plaintiffs' burden. Absent any evidence that this case is different from *Harper*, Plaintiffs make much of the lenient standard, arguing that "the Report was wrong even to consider GEICO's evidence at the notice stage." *Id.* at 14. Plaintiffs' argument cannot be correct, because it would make certification automatic. There would be no need for a motion or opposition or court decision.

Contrary to Plaintiffs' argument, a motion for collective action notice requires the court to consider "the facts and circumstances of the case." *Purdham v. Fairfax County Pub. Sch.,* 629 F. Supp.2d 544, 548 (E.D. Va. 2009)(quoting *Hoffman-LaRoche,* 493 U.S. at 170). The "facts and circumstances" are not limited to plaintiffs' submissions; the defendant also has a right to be heard. *Id.* at 552 ("Overall, Plaintiffs failed to rebut [defendant's] assertions."). "[T]he Court is

2

required to review all the facts proffered." ECF No. 53 at 14 (citing *Purdham*, 629 F. Supp. 2d at 552). Ultimately, the Court "cannot ignore salient facts that suggest that this case, as presented here, is not a suitable vehicle for a collective action." *Id.* (quoting *Purdham*, 629 F. Supp. 2d at 552).

Here, the most salient fact is *Harper*. As the Report says, "the findings of the Second Circuit and the district court in *Harper*, that GEICO's TCRs are not similarly situated because of the varied nature of how closely supervisors limited the employees' exercise of judgment and discretion, and the degree to which employees' decisions were dictated by the Claim IQ software, cannot be overlooked." ECF No. 53 at 14.

Contrary to Plaintiffs' argument, the Report is not an outlier. Rather, it is the beneficiary of evidence in the record from a previous case. "[W]hen there is sufficient evidence in the record at the initial notice stage to reveal that certification of the collective action is not appropriate…the court may collapse the two stage certification and deny certification outright." ECF No. 53 at 5 (quoting *Stone v. SRR Int'l, Inc.*, No. 2:14cv209, 2014 WL 5410628 at *3 (E.D. Va. Oct. 22, 2014)(citing *Purdham*, 629 F. Supp. 2d at 547). If the Report is, as Plaintiffs put it, "fine-grained" (ECF No. 54 at 7), it is only because the claims that Plaintiffs seek to litigate collectively are fine-grained.

*Harper* immediately distinguishes this case from the call center collective actions cited by Plaintiffs. *See* ECF No. 54 at 9. Plaintiffs argue that one of those cases, *Davis v. BT Americas, Inc.*, 2:16-cv-206, 2016 WL 7131981 (E.D. Va. Nov. 9, 2016), *report and recommendation adopted*, 2016 WL 7131499 (E.D. Va. Dec. 6, 2016), is particularly instructive. ECF No. 54 at 9. GEICO agrees, but for a different reason. In *Davis*, Magistrate Judge Leonard recommended certification of a collective action alleging that employees were not paid for time

logging in and out of the defendant's computer system. *Davis* shows that the Magistrate Judge understands well the difference between overtime claims in which individual variations do not prevent a collective adjudication because they only affect the remedy (*see* ECF No. 53 at 5) and claims where they lie at the heart of the liability determination (*Harper* and this case).

Plaintiffs cite *Allen v. Cogent Communications, Inc.*, No. 1:14-cv-459, 2014 WL 4270077 (E.D. Va. Aug. 28, 2014). In that case, the court certified a collective action, after a larger collective action was decertified, because the earlier finding "does not prevent the *possibility* that a collective action focused on a smaller geographic area *might* reveal sufficiently similar practices warranting resolution of FLSA violations through collective actions." *Id.* at *4 (emphasis added). *Allen* is both distinguishable and unpersuasive. *Allen* is distinguishable because, in the prior case, there was "no Virginia-specific discovery." *Id.* at *5. Here, as the Report describes, the prior case included discovery concerning employees who worked in Virginia Beach. ECF No. 53 at 11-12. Defendant supplemented that record with more detailed information concerning the TCRs' duties (ECF No. 53 at 9-11) and the named Plaintiffs' work histories (ECF No. 53 at 4). *Allen* is unpersuasive because it relies on speculation, i.e., the "possibility" that a collective action "might" reveal sufficient similarities.

For the foregoing reasons, as well as the reasons spelled out in the Report, Defendant respectfully requests that the Court adopt the Report and Recommendation.

Date:  May 4, 2017

        Respectfully submitted,

By:    /s/ *Sharon S. Goodwyn*
Sharon S. Goodwyn (VSB No. 28822)
HUNTON & WILLIAMS, LLP
500 East Main Street, Suite 1000
Norfolk, VA   23510
(757) 640.5300
(757) 625-7720 *facsimile*
sgoodwyn@hunton.com

Eric Hemmendinger *(Pro Hac Vice)*
Lindsey A. White *(Pro Hac Vice)*
SHAWE & ROSENTHAL, LLP
One South Street, Suite 1800
Baltimore, MD   21202
(410) 752-1040
(410) 752-8861 *facsimile*
eh@shawe.com
law@shawe.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was caused to be served this 4th day of May, 2017 via the transmission of a notice of electronic filing via the Court's ECF system upon the following:

Harris D. Butler, III (harris.butler@butlerroyals.com)
Zev H. Antell (zev.antell@butlerroyals.com)
BUTLER ROYALS, PLC
1409 Virginia Street, Suite 302
Richmond, VA   23219

Reid H. Ervin (rhervin@reidervin.com)
Joshua L. Jewett (jjewett@rediervin.com)
Brittan M. Wrigley (bwrigley@reidervin.com)
REID H. ERVIN & ASSOCIATES, P.C.
999 Waterside Drive, Suite 2400
Norfolk, VA   23510

*Attorneys for Plaintiffs*

           /s/ *Sharon S. Goodwyn*
Sharon S. Goodwyn (VSB No. 28822)
HUNTON & WILLIAMS LLP
500 East Main Street, Suite 1000
Norfolk, VA   23510
(757) 640-5300
(757) 625-7720 *facsimile*
sgoodwyn@hunton.com

*Attorney for Defendant*