UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRANDY CLINTON, *et al.*

               Plaintiffs,
v.                                                       Civil Action No. 2:16cv430

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

               Defendant,

ORDER

Plaintiffs, on behalf of themselves and others similarly situated, bring this action against Defendant Government Employees Insurance Company ("GEICO") to recover unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C, § 201, *et seq.* Pursuant to Plaintiffs' Motion for Conditional Collective Certification and for Equitable Tolling (ECF No. 33), Plaintiffs seek conditional certification of a collective class action, and they request judicial notice of the lawsuit to all collective action members. Plaintiffs also move the Court to equitably toll the statute of limitations applicable to the claims of putative opt-in plaintiffs from the date of August 16, 2016 until the date that notice is sent.

Plaintiffs' Motion for Conditional Collective Certification and for Equitable Tolling (ECF No. 33) was referred to a United States Magistrate Judge for disposition. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiffs' Motion be denied. Plaintiffs filed objections, arguing primarily that the R&R did not apply the proper "lenient" standard of review applicable at this stage in the litigation. For the following reasons, Plaintiffs' Objections (ECF No. 54) are **SUSTAINED**, and Plaintiffs' Motion for Conditional

Collective Certification and for Equitable Tolling (ECF No. 33) is **GRANTED IN PART AND DENIED IN PART**.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Named Plaintiffs are current and former employees of GEICO who were employed as telephone claim representatives ("TCRs") at the GEICO call center in Virginia Beach, Virginia from July 11, 2013 to the present. One group ("TCR Is") handles first-party bodily injury claims and third-party liability claims not involving bodily injury. ECF No. 45 at 2. A second group ("TCR IIs") also handle third-party liability claims "that involve soft tissue injuries and are not in litigation." *Id.*

Plaintiffs are/were paid on a salary basis, and they allege that they regularly worked more than forty hours per week. ECF No. 1 ¶ 20. Plaintiffs claim that GEICO classified them improperly as "exempt" under the FLSA for having the "ability to exercise judgment," and as a result, they were wrongly denied overtime compensation. ECF No. 34. Plaintiffs assert that they are "similarly situated" for the purpose of conditional certification because they "hold the same position [as TCR Is and IIs], have the same job duties, work in the same call center, and are uniformly classified as exempt from overtime regulations." ECF No. 34 at 8.

GEICO cites "an identical lawsuit against GEICO" in the Eastern District of New York in support of its argument that Plaintiffs' proposed class is not similarly situated. *See Harper v. Government Employees Ins. Co.*, No. 2:09cv2254, 2015 WL 9673810 (E.D.N.Y. Nov. 16, 2015). *Harper* involved a national collective of TCRs from ten GEICO facilities across the country who sued GEICO "for materially the same claims as in this case." ECF No. 34 at 4. The district court granted the *Harper* plaintiffs' motion for conditional certification of a collective action,

---

[1] Plaintiffs are not challenging the R&R's recommendation regarding equitable tolling. The Court hereby adopts the R&R's recommendation against granting equitable tolling, and declines to equitably toll the statute of limitations for any period in this case.

2

and notice was provided to present and former TCRs in GEICO's regional offices, including the Virginia Beach office at issue in this case. ECF No. 45 at 2-3. After discovery, the district court decertified the class because "factual differences among the TCRs concerning the exercise of discretion and independent judgment, the central issue affecting their classification as exempt, precluded a collective action." ECF No. 45 at 1. Similar factual differences exist among Plaintiffs, so GEICO contends that conditional certification is inappropriate in this case.

In reviewing a Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3). To the extent a party makes specific and timely written objections to a Magistrate Judge's findings and recommendations, this Court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3).

## LEGAL PRINCIPLES

Section 216(b) of the FLSA provides for "collective action" proceedings, whereby a party may proceed "for and in behalf of himself . . . and other employees similarly situated." District courts within the Fourth Circuit typically follow a two-step approach when determining whether plaintiffs are "similarly situated." *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D. Va. June 22, 2009). At the first step, known as the "notice or conditional certification stage," "the court considers whether to provide notice to potential class members of the pending litigation utilizing 'a fairly lenient standard.'" *Meeker v. Medical Transport, LLC*, No. 2:14cv426, 2015 WL 1518919, at *2 (E.D. Va. Apr. 1, 2015) (quoting *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006)).

After discovery is complete, the court may proceed to stage two if the defendant files a motion for decertification. *Choimbol*, 475 F. Supp. 2d at 563. At the second stage, courts apply a "heightened fact specific standard" to determine whether the plaintiffs are "similarly situated" and whether the collective action should proceed to trial. *Id.*

This action is at the first stage, the conditional certification stage. The Court applies the "fairly lenient standard" at this stage.[2] "The primary focus in this inquiry is whether the potential plaintiffs are 'similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined.'" *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (quoting *Choimbol*, 475 F. Supp. 2d at 563). First, plaintiffs must "make a preliminary factual showing that a similarly situated group of potential plaintiffs exists." *Meeker*, 2015 WL 1518919, at *3 (internal quotation omitted). Second, plaintiffs must "demonstrate they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (internal quotations omitted). "Court[s] will examine whether the Plaintiffs raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical." *Choimbol*, 475 F. Supp. 2d at 563 (internal quotations omitted).

---

[2] The Court acknowledges that it may "collapse the two-stage certification process and deny certification outright" in "rare cases . . . when there is sufficient evidence in the record at the notice stage to reveal that certification of the collective action is not appropriate." *Stone v. SRA Int'l, Inc.*, No. 2:14cv209, 2014 WL 5410628, at *3 (E.D. Va. Oct. 22, 2014) (citing *Purdham*, 629 F. Supp. 2d at 547). As the R&R explains, application of the "collapsed" or heightened standard is inappropriate in this case because significant discovery has yet to be conducted. *Compare Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:10cv592, 2011 WL 4351631, at *5 (W.D.N.C. Sept. 16, 2011) (utilizing an "intermediate" standard of review of "whether a sound basis exists for proceeding as a collective action while also considering all evidence available at the time," when parties conducted three months of discovery, exchanged interrogatories and documents, and took several plaintiffs' depositions), *with Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566-67 (D. Md. 2012) (declining to apply an increased standard of review when the parties have completed "some" discovery). Neither the Fourth Circuit nor the Eastern District of Virginia provides any controlling authority mandating the application of a heightened standard at this stage of the proceedings. *See* ECF No. 53 at 6.

## ANALYSIS

At this stage in the proceedings, the Court is limited to evaluating only whether Plaintiffs have demonstrated that "there are persons sufficiently similarly situated to Named Plaintiffs to raise similar legal issues as to coverage, exemption, or nonpayment of overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *Stone v. SRA Intern., Inc.*, No. 2:14cv209, 2014 WL 5410628, at *2 (E.D. Va. Oct. 22, 2014) (internal quotations omitted). Examining the record and the evidence and arguments presented, the Court concludes that Plaintiffs have satisfied their burden. Plaintiffs have raised similar legal issues regarding the exemption of overtime arising from GEICO's policy that TCRs fall under the "administrative exemption" to the FLSA. According to GEICO's Opposition to Plaintiffs' Motion for Collective Certification, "GEICO has classified both positions [TCR Is and TCR IIs] as covered by the FLSA's administrative exemption from overtime." ECF No. 45 at 2 (citing Exh. 2, Mitchell Decl., ECF No. 45-2 ¶ 3).

"The operative burden on Plaintiffs at this stage is only the 'modest factual showing' that they were denied overtime compensation such as by a 'common policy or plan' to classify them as exempt." *Stone*, 2014 WL 54110628, at *5 (quoting *Choimbol*, 475 F. Supp. 2d at 564). Plaintiffs have made this modest showing. The challenged policy may have subjected them to violations of the FLSA if Plaintiffs were misclassified as "exempt." *See id.* at *6 ("If the classification resulted in [the defendant employer's] nonpayment of overtime wages and the classification was unlawful because Plaintiffs were not exempt under the FLSA, then that allegation would appear to state a claim for relief" because Plaintiffs' "misclassification would be a 'policy or plan that violated the law.'") (quoting *Purdham*, 629 F. Supp. 2d at 548).

Plaintiffs also sufficiently allege that they have similar job requirements and are subject to similar pay provisions to establish that they are "similarly situated" for the purpose of step one analysis. As the Magistrate Judge concluded in *Harper*, TCR Is and TCR IIs "are essentially performing the same job and are all deemed exempt under the FLSA." *Harper v. Government Employees Ins. Co.*, 2011 WL 10548148 (E.D.N.Y. 2011) (granting section 216(b) notice and conditional certification), *aff'd*, 826 F. Supp. 2d 454 (E.D.N.Y. 2011).

The declarations of Named Plaintiffs illustrate the following similarities among the TCR Is and IIs employed at the Virginia Beach GEICO facility. TCR Is spend most of their time "speak[ing] with insured, claimants, witnesses and other involved parties about the facts of a claim" and inputting information gathered into GEICO's Claim IQ program. ECF No. 53 at 8; ECF No. 34, Exh. 1-7. TCR IIs perform the same duties as TCR Is, and also process claims involving third-party injuries and resolve small claim settlement offers suggested by Claim IQ and approved by their supervisors. ECF No. 53 at 9; ECF No. 34, Exh. 3, 6. Additionally, Plaintiffs assert that they all worked in teams of five or six TCRs, they shared a similar reporting structure, and they engaged in a similar process for handling the insurance claims. ECF No. 34 at 15-16. They were paid on a salary basis, and allege that they regularly worked overtime over the past three years for which they were not paid. *Id.* at 7, 16.

The declaration of Matthew Mitchell confirms that Plaintiffs have similar job requirements: "TCRs determine if a claim is covered." ECF No. 45-1 ¶ 5. To do this, TCRs conduct interviews (which "comprise[s] a large part of the TCRs' workday"), request and review medical records, utilize the Claim IQ software, and make liability determinations with or without supervisor approval. ECF No. 45-1 ¶¶ 6-8. TCR IIs additionally participate in negotiations with claimants or claimants' counsel, and have settlement authority up to $10,000. *Id.* at ¶¶ 11, 12.

This Court concludes that Plaintiffs are "similarly situated" for the limited purpose of conditional certification because they were subject to the same policy of being denied overtime compensation, and because they have alleged that TCR Is and IIs share similar job requirements and pay provisions. *See, e.g., Stone*, 2014 WL 5410628, at *4 (finding that plaintiffs were similarly situated where they performed the same "core duties" and alleged the same legal claims under the FLSA); *Allen v. Cogent Communications, Inc.*, No. 1:14cv459, 2014 WL 4270077 (E.D. Va. Aug. 28, 2014) (finding that plaintiffs alleged sufficient facts to meet the "fairly lenient" evidentiary burden where plaintiffs alleged that they sold the same product and communicated with customers by phone and email, were paid under the same compensation plan, regularly worked more than forty hours per week, and were classified as exempt from FLSA's overtime requirements); *Gregory v. Belfor USA Group*, No. 2:12cv11, 2012 WL 3062696 (E.D. Va. July 26, 2012) (granting conditional class certification based on allegations that employees performed strictly administrative tasks, consistently worked more than forty hours per week, and were denied overtime compensation under the administrative exemption to the FLSA).[3]

GEICO emphasizes the decertification decision in *Harper* as the "most salient fact" to be considered in the conditional certification analysis. ECF No. 55 at 2; *Harper v. Government Employees Insurance Co.*, No. 09-2254, 2015 WL 9673819, at *4 (E.D.N.Y. Nov. 16, 2015), *aff'd*, 2016 WL 98516 (E.D.N.Y. Jan. 6, 2016). Regardless of *Harper*'s decertification decision,

---

[3] GEICO argues that Plaintiffs are not "similarly situated" because each employee exercised varying levels of discretion and independent judgment, and were subject to varying degrees of supervision. *See* ECF No. 45 at 12. The individual differences among Plaintiffs as to the exercise of discretion and the extent to which they were supervised are immaterial at this stage in the certification process. *Allen*, 2014 WL 4270077, at *5 ("[I]t is inappropriate at this stage to consider whether an individualized inquiry will be required to determine the applicability of the [administrative] exemption. At this stage, the only question to be resolved is whether there are common legal and factual questions that can be resolved through collective action.").

however, "a collective action focused on a smaller geographic area might reveal sufficiently similar practices warranting resolution of FLSA violations through collective actions." *Allen*, 2014 WL 4270077, at *4 (declining to apply collateral estoppel to bar conditional certification in statewide FLSA collective actions after a nationwide collective action was decertified).

This Court concludes that the initial decision to grant conditional certification, in a case involving the same defendant and similar claims, is persuasive. It was only after substantial discovery was later completed that the district court could determine that the plaintiffs were not "similarly situated." *Harper v. Government Employees Insurance Co.*, No. 09-2254, 2015 WL 9673819, at *4 (E.D.N.Y. Nov. 16, 2015), *aff'd*, 2016 WL 98516 (E.D.N.Y. Jan. 6, 2016). This Court may come to the same conclusion at the decertification stage. However, at this point in the litigation—the "first stage" in the certification process—the Court must be faithful to the "fairly lenient" standard.

## CONCLUSION

Plaintiffs' Objections to the Magistrate Judge's R&R (ECF No. 53) are **SUSTAINED**. Accordingly, Plaintiffs' Motion for Conditional Collective Certification and for Equitable Tolling (ECF No. 33) is **GRANTED IN PART AND DENIED IN PART**. This case is authorized to proceed as a collective action at this stage. The R&R is **ADOPTED** as it pertains to equitable tolling.

**IT IS ORDERED** that GEICO provide to Plaintiffs' counsel a list of all TCRs who worked at the Virginia Beach facility from August 16, 2016 to the present within fifteen (15) days of the date of this Order. **IT IS ORDERED** that within fifteen (15) days of the date of this Order, the parties provide the Court with a joint proposed form of Notice to potential members to be approved by the Court. **IT IS ORDERED** that any consents to joinder in this action by

which additional persons join this litigation as plaintiffs under 29 U.S.C. § 216(b) must be filed with the Clerk of the Court within forty-five (45) days of the date of this Order. Plaintiffs' request for equitable tolling of the statute of limitations is **DENIED**.

The Court encourages the parties to undertake efforts to resolve this matter. Pursuant to Local Civil Rule 83.6, counsel for the parties are **DIRECTED** to contact the Court's Docket Clerk at 757-222-7222, within thirty (30) days of the date of this Order to schedule a settlement conference before a United States Magistrate Judge. This settlement conference may be conducted at any time, but must commence at least seventy-five (75) days before the scheduled trial.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

_____
/s/
Arenda L. Wright Allen
United States District Judge

July 14, 2017
Norfolk, Virginia